## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 22 2016, 9:47 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Laura Paul
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dereck Worthington,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 22, 2016

Court of Appeals Case No.
84A05-1510-CR-1829

Appeal from the Vigo Superior Court

The Honorable Michael J. Lewis, Judge

Trial Court Cause No.
84D06-1403-FB-794

**Baker, Judge.**

[1] Dereck Worthington appeals the sentence imposed by the trial court after he pleaded guilty to class C felony Neglect of a Dependent. Worthington argues that the trial court made improper evidentiary rulings during his sentencing hearing. Finding no error, we affirm.

## Facts

[2] At some point after 2011, Regina Warren married Kyle Poynter; the couple had one child, Z.P. Warren eventually divorced Poynter. She then rekindled a past relationship with Worthington. In December 2013, Worthington moved in with Warren and her three children, including Z.P., who was seven months old at the time. Worthington cared for the children when Warren was not at home.

[3] Shortly after Worthington began caring for the children, Warren noticed Z.P.'s behavior change. According to Warren, Z.P. was no longer social, did not smile or laugh, was lethargic, whimpered when held, did not eat, had lost two pounds, missed developmental milestones, and was afraid of strangers touching her. Although Poynter had visitation privileges with Z.P. during this time, Warren and Worthington were Z.P.'s only caregivers.

[4] On March 18, 2014, Worthington notified Warren that Z.P. had a knot on her head. When Warren took Z.P. to the doctor for a scheduled wellness visit, Z.P. was directly admitted to the hospital and was evaluated for signs of child abuse.

[5] The evaluation revealed that Z.P. had multiple injuries: abrasions and bruising on her head and neck; bruising and fractures in both legs; bruising on her upper

buttocks; traumatized nail beds; fractures in multiple places in both arms; a broken collar bone; and severe, life-threatening head trauma. The evaluation concluded that Z.P.'s injuries were caused by abuse and that the injuries had occurred at different times and were in different stages of healing.

[6] On March 26, 2014, Worthington was charged with class B felony aggravated battery, class B felony neglect of a dependent resulting in serious bodily injury, and class D felony battery. On July 9, 2015, Worthington pleaded guilty to neglect of a dependent resulting in serious bodily injury as a class C felony in exchange for the dismissal of the other charges. The plea agreement left sentencing open to the trial court's discretion. The stipulated factual basis of Worthington's guilty plea provided that Worthington had care of Z.P. sometime between December 2013 and March 2014; that Worthington knowingly or intentionally placed Z.P. in a situation that endangered her life or health, resulting in bodily injuries to Z.P.'s head, arms, and legs; and that Worthington failed to seek medical attention for Z.P. Tr. p. 10.

[7] At Worthington's September 23, 2015, sentencing hearing, Warren testified about her continued concern for Z.P.'s health. Warren could not identify any instance in which she believed Worthington had harmed Z.P.; when questioned about how the infant might have been injured, Warren testified that she once saw Worthington holding Z.P. and "stretching" Z.P.'s arms back. Z.P. was crying as he did this. Tr. p. 26. According to Warren, when she asked what he was doing, Worthington replied that he was stretching Z.P. out of concern that

she was experiencing growing pains. Worthington did not object to this testimony.

[8] Worthington then cross-examined Warren, asking her about Poynter. Warren testified that Poynter had been charged with domestic battery in the past. The State objected to further testimony regarding Poynter's prior history with Warren, arguing that it was irrelevant for the purpose of sentencing Worthington on the neglect of a dependent conviction. The trial court sustained the objection, stating that "this is the sentencing of Dereck Worthington, I'm not going to try somebody else on this case." Tr. p. 46.

[9] In sentencing Worthington, the trial court found Z.P.'s severe injuries and Worthington's criminal history to be aggravating circumstances. While it found Worthington's remorse to be a mitigating factor, the trial court held that the aggravating factors outweighed the mitigating factor and sentenced Worthington to eight years in the Department of Correction. Worthington now appeals.

## Discussion and Decision

[10] Worthington raises two arguments on appeal: first, that the State should not have been permitted to introduce Warren's testimony regarding the incident in which she saw him "stretching" Z.P.; second, that, even if such evidence was properly admitted, he should have been permitted to introduce evidence of Poynter's past domestic battery conviction.

[11]     When reviewing a trial court's sentencing order, we may reverse only if the "decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E. 2d 218. It is well established that when a trial court makes a sentencing decision, the rules of evidence, other than those concerning matters of privilege, do not apply. *E.g.*, *White v. State*, 756 N.E.2d 1057, 1061 (Ind. Ct. App. 2001); *see also* Ind. Evidence Rule 101(d)(2) (providing that the Rules of Evidence do not apply to sentencing proceedings).

[12]     Worthington argues that the trial court should not have permitted Warren to testify about the occasion in which she saw him "stretching" Z.P., maintaining that this evidence relates to the battery charges that had been dismissed. Initially, we observe that Worthington did not object to this testimony. Consequently, he has waived this argument.

[13]     Waiver notwithstanding, we note that this evidence was directly relevant to the charge of neglect of a child resulting in serious bodily injury, as it was stipulated in the plea agreement that Worthington placed Z.P. in a situation that endangered her health, resulting in bodily injuries to the infant. The State is entitled to present evidence regarding the nature and circumstances of the crime for which the defendant is being sentenced, and this evidence falls squarely within that category of information.

[14]   Next, Worthington contends that, even if Warren's testimony was properly admitted, he should have been able to cross-examine her regarding the incident that led to Poynter's domestic battery charge. It is well established that evidence which a defendant seeks to put forward at sentencing "must be relevant to the consideration and would not include facts concerning a defendant's innocence which is the focus of the trial process." *Rabadi v. State*, 541 N.E.2d 271, 277 (Ind. 1989).

[15]   We agree with the trial court that evidence regarding an alleged prior battery by Poynter on Warren was irrelevant for the purpose of sentencing Worthington on neglect. Worthington had already pleaded guilty to neglect of a dependent, admitting that he cared for Z.P. for four months, endangered her life or health, resulting in bodily injuries, and failed to seek medical attention when Z.P. needed it. Whether or not Poynter had battered Warren in the past is entirely irrelevant to the trial court's sentencing decision with respect to Worthington. Moreover, because innocence is not the focus of a sentencing hearing, it was improper for Worthington to bring in Poynter's domestic battery charge as a way to prove his own innocence as to Z.P.'s injuries.[1] Therefore, we find no error on this basis.

---

[1] Worthington argues that the State presented evidence regarding the battery charges when it introduced Warren's testimony regarding the "stretching" incident and that, consequently, he should have been permitted to introduce evidence rebutting the alleged contention that he had battered Z.P. As noted above, however, this evidence related to the nature and circumstances of the neglect charge and was not introduced to establish that Worthington had battered the infant. Therefore, this argument is unavailing.

The judgment of the trial court is affirmed.

May, J., and Brown, J., concur.